# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TRESHAWN STEWART, INDIVIDUALLY, EDWIN STEWART, JR., INDIVIDUALLY, AND A/N/F OF K.S., A MINOR<br>    *Plaintiffs*,<br><br>v.<br><br>LADYBIRD MCKINNEY, LLC D/B/A GENIUS CHILD ACADEMY<br>    *Defendants*. | § § § § § § § § § § § | Civil Action No. 4:19-CV-00172<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #17). Having considered the motion and the relevant pleadings, the Court finds that Defendant's Motion should be **DENIED**.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendant moved for summary judgment arguing that the Court should dismiss Plaintiffs' claims because Plaintiffs' "have no evidence that (a) a Genius Child Academy employee with HSV-1 used her personal lip balm on K.S., (b) an employee's application of lip balm proximately caused K.S. to contract HSV-1, or (c) Genius Child Academy's conduct involved an extreme risk of harm, and Genius Child Academy had awareness of the risk" (Dkt. #17).  After a careful review of the record and the arguments presented, the Court is not convinced that Defendant has met its burden demonstrating that there is no material issue of fact as to Plaintiffs' claims entitling it to judgment as a matter of law.  Accordingly, the Court finds that Defendant's Motion for Summary Judgement should be denied.

Consequently, Plaintiffs' Request for Relief under 56(f) is denied as moot.  This is not to say that the Court will not extend the discovery deadline should such a request be filed; it is only to say that a request for a continuance regarding Defendant's Motion is no longer necessary given the Court's denial of Defendant's Motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #17) is hereby **DENIED**.

**SIGNED this 9th day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE